# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **NAUTILUS INSURANCE COMPANY**<br>*Plaintiff,* | § § § § | |
| **VS.** | § § § § | |
| **FREESTONE COUNTY ASSOCIATION, INC., ZACK NEWMAN, ROY NEWMAN, JERRY McLEOD, MICHAEL GRISSETT, CLINT FRYER, JOHN FRYER, LISA WEBB, WENDON MORRISON, STANLEY GREGORY, CLINTON MINCHEW, JR McLELLAND, HUGH FRYER, TRENT TURNER, LADONNA TURNER, DANNY TURNER, BILL SHAMBURGER, TOMMY ROBINSON, TRACY BETSER, JAMES DAVIS, KARLENE GRIFFITH, CLARK FRYER, LINDA GRANT, SID FRYER, SCOTT HOLMES, ANDY BONNER, VICKI ALLRED and CHARLES ALLRED**<br>*Defendants,* | § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO .**  6:19-cv-611 |

## NAUTILUS INSURANCE COMPANY'S ORIGINAL COMPLAINT
## AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff, NAUTILUS INSURANCE COMPANY (herein "Plaintiff" or "Nautilus"), pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, files this Original Complaint and Request for Declaratory Judgment against Defendants, FREESTONE COUNTY ASSOCIATION, INC., ZACK NEWMAN, ROY NEWMAN, JERRY McLEOD, MICHAEL GRISSETT, CLINT FRYER, JOHN FRYER, LISA WEBB, WENDON MORRISON, STANLEY GREGORY, CLINTON MINCHEW, JR McLELLAND, HUGH FRYER, TRENT TURNER, LADONNA TURNER, DANNY TURNER, BILL SHAMBURGER, TOMMY

ROBINSON, TRACY BETSER, JAMES DAVIS, KARLENE GRIFFITH, CLARK FRYER, LINDA GRANT, SID FRYER, SCOTT HOLMES, and ANDY BONNER (collectively, the "Insured Defendants"[1]), and VICKI ALLRED and CHARLES ALLRED (collectively, the "Allreds") (the Insured Defendants and the Allreds are collectively referred to as the "Defendants").   Nautilus seeks a declaratory judgment against the Defendants that, based on various policy provisions in Policy Number NN814687 (the "Policy"), the Policy does not provide coverage for the loss made the basis of the lawsuit styled *Vicki Allred and Charles Allred vs. Freestone County Fair Association, Inc., et al*., in the 146th Judicial District Court, Bell County, Texas, Cause No. 307,283-B (the "Underlying Litigation").

## PARTIES

1.        Plaintiff, NAUTILUS INSURANCE COMPANY, is an insurance company organized under the laws of the state of Arizona, with its principal place of business in the state of Arizona.   Nautilus Insurance Company is an Arizona citizen for the purposes of diversity jurisdiction.

2.        Defendant, FREESTONE COUNTY ASSOCIATION, INC., is the Named Insured under Policy no. NN814687 issued by Nautilus.   Freestone County Association, Inc. is a Texas corporation with a principal place of business in Freestone County, Texas and is domiciled in Texas for the purposes of diversity jurisdiction.   Freestone County Association, Inc. may be served by serving its registered agent, Scott Holmes, at his registered office located at 126 FCR 811 (Donie 75838), P.O. Box 806, Teague, Texas 75860.

---

[1] The reference to these parties as "Insured Defendants" is meant for ease of reference and does not mean that Nautilus is waiving its argument that the individual defendants other than Freestone may not constitute insureds under the Policy.

2

3.      Defendant, ZACK NEWMAN, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Zack Newman is an individual residing in Freestone County, Texas, who can be served with process at the following address: 320 Hwy 75 North, Fairfield, TX 75480.  Zack Newman is also a Texas resident and citizen for the purposes of diversity jurisdiction.

4.      Defendant, ROY NEWMAN, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Roy Newman is an individual residing in Freestone County, Texas, who can be served with process at the following address: 319 CR 1241, Fairfield, TX 75480.  Roy Newman is also a Texas resident and citizen for the purposes of diversity jurisdiction.

5.      Defendant, JERRY McLEOD, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Jerry McLeod is an individual residing in Freestone County, Texas, who can be served with process at the following address:165 E. Highway 84, Fairfield, TX 75840.  Jerry McLeod is also a Texas resident and citizen for the purposes of diversity jurisdiction.

6.      Defendant, MICHAEL GRISSETT, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Michael Grissett is an individual residing in Freestone County, Texas, who can be served with process at the following address: 411 FM 489 East, Fairfield, TX 75831. Michael Grissett is also a Texas resident and citizen for the purposes of diversity jurisdiction.  Michael Grissett is also a Texas resident and citizen for the purposes of diversity jurisdiction.

7.      Defendant, CLINT FRYER, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Clint Fryer is an individual residing in Freestone County, Texas, who can be served with process at the following address: 122 CR 233, Fairfield, TX 75840.  Clint Fryer is also a Texas resident and citizen for the purposes of diversity jurisdiction.

8.      Defendant, JOHN FRYER, is claiming insured status under Policy no. NN814687 issued by Nautilus.  John Fryer is an individual residing in Freestone County, Texas, who can be served with process at the following address:  255 CR 233, Fairfield, TX 75840.  John Fryer is also a Texas resident and citizen for the purposes of diversity jurisdiction.

9.      Defendant, WENDON MORRISON, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Wendon Morrison is an individual residing in Freestone County, Texas, who can be served with process at the following address: 439 Sunset Drive, Fairfield, TX 75840.  Wendon Morrison is also a Texas resident and citizen for the purposes of diversity jurisdiction

10.      Defendant, LISA WEBB, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Lisa Webb is an individual residing in Freestone County, Texas, who can be served with process at the following address: P.O. Box 433, Fairfield, TX 75840.  Lisa Webb is also a Texas resident and citizen for the purposes of diversity jurisdiction.

11.      Defendant, STANLEY GREGORY, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Stanley Gregory is an individual residing in Freestone County, Texas, who can be served with process at the following address:  750 CR 1080, Fairfield, TX 75840.  Stanley Gregory is also a Texas resident and citizen for the purposes of diversity jurisdiction.

12.      Defendant, CLINTON MINSHEW, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Clinton Minshew is an individual residing in Freestone County, Texas, who can be served with process at the following address:  P.O. Box 1414 Fairfield, TX 75840.  Clinton Minshew is also a Texas resident and citizen for the purposes of diversity jurisdiction.

PD.26739542.1

13.     Defendant, JR McLELLAND, is claiming insured status under Policy no. NN814687 issued by Nautilus.  JR McLelland is an individual residing in Freestone County, Texas, who can be served with process at the following address: 1575 FM 27, Wortham, TX 76693-4669.  JR McLelland is also a Texas resident and citizen for the purposes of diversity jurisdiction.

14.     Defendant, SCOTT HOLMES, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Scott Holmes is an individual residing in Freestone County, Texas, who can be served with process at the following address: P.O. Box 806, Wortham, TX 75860. Scott Holmes is also a Texas resident and citizen for the purposes of diversity jurisdiction

15.     Defendant, HUGH FRYER, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Hugh Fryer is an individual residing in Freestone County, Texas, who can be served with process at the following address: 9015 FM 1580, Fairfield, TX 75840.  Hugh Fryer is also a Texas resident and citizen for the purposes of diversity jurisdiction.

16.     Defendant, TRENT TURNER is claiming insured status under Policy no. NN814687 issued by Nautilus.  Trent Turner is an individual residing in Freestone County, Texas, who can be served with process at the following address: P.O. Box 665, Teague, TX 75860.  Trent Turner is also a Texas resident and citizen for the purposes of diversity jurisdiction.

17.     Defendant, LADONNA TURNER is claiming insured status under Policy no. NN814687 issued by Nautilus.  Ladonna Turner is an individual residing in Freestone County, Texas, who can be served with process at the following address: P.O. Box 665, Teague, TX 75860. Ladonna Turner is also a Texas resident and citizen for the purposes of diversity jurisdiction.

18.     Defendant, DANNY TURNER is claiming insured status under Policy no. NN814687 issued by Nautilus.  Danny Turner is an individual residing in Freestone County, Texas,

who can be served with process at the following address: P.O. Box 225, Teague, TX 75860.  Danny Turner is also a Texas resident and citizen for the purposes of diversity jurisdiction.

19.     Defendant, BILL SHAMBURGER, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Bill Shamburger is an individual residing in Freestone County, Texas, who can be served with process at the following address:  700 IH 45 South, Fairfield, TX 75840.  Bill Shamburger is also a Texas resident and citizen for the purposes of diversity jurisdiction.

20.     Defendant, TOMMY ROBINSON, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Tommy Robinson is an individual residing in Freestone County, Texas, who can be served with process at the following address:  298 FM 488, Fairfield, TX 75840. Tommy Robinson is also a Texas resident and citizen for the purposes of diversity jurisdiction.

21.     Defendant, TRACY BETSER, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Tracy Betser is an individual residing in Freestone County, Texas, who can be served with process at the following address:  420 E Hwy 84, Fairfield, TX 75840. Tracy Betser is also a Texas resident and citizen for the purposes of diversity jurisdiction.

22.     Defendant, JAMES DAVIS is claiming insured status under Policy no. NN814687 issued by Nautilus.  James Davis is an individual residing in Freestone County, Texas, who can be served with process at the following address:  1306 US Hwy 84, Teague, TX 75860.  James Davis is also a Texas resident and citizen for the purposes of diversity jurisdiction.

23.     Defendant, KARLENE GRIFFITH is claiming insured status under Policy no. NN814687 issued by Nautilus.  Karlene Griffith is an individual residing in Freestone County, Texas, who can be served with process at the following address:   184 CR 602, Teague, Texas

75860.   Karlene Griffith is also a Texas resident and citizen for the purposes of diversity jurisdiction.

24.     Defendant, CLARK FRYER, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Clark Fryer is an individual residing in Freestone County, Texas, who can be served with process at the following address: 150 CR 233, Fairfield, TX 75840. Clark Fryer is also a Texas resident and citizen for the purposes of diversity jurisdiction.

25.     Defendant, LINDA GRANT, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Linda Grant is an individual residing in Freestone County, Texas, who can be served with process at the following address: 118 East Commerce Street, Room 205, Fairfield, TX 75840. Linda Grant is also a Texas resident and citizen for the purposes of diversity jurisdiction.

26.     Defendant, SID FRYER, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Sid Fryer is an individual residing in Freestone County, Texas, who can be served with process at the following address: 290 CR 232, Fairfield, TX 75840. Sid Fryer is also a Texas resident and citizen for the purposes of diversity jurisdiction.

27.     Defendant, ANDY BONNER, is claiming insured status under Policy no. NN814687 issued by Nautilus.  Andy Bonner is an individual residing in Freestone County, Texas, who can be served with process at the following address: P.O. Box 1087, Fairfield, TX 75840. Andy Bonner is also a Texas resident and citizen for the purposes of diversity jurisdiction.

28.     Defendants, VICKI ALLRED and CHARLES ALLRED, are individuals with an interest in the outcome of this litigation because they are the plaintiffs in a separate lawsuit in which the Insured Defendants are defendants, to wit, the Underlying Litigation.  Under Texas law, a plaintiff in the underlying action against an insured is an appropriate party to a declaratory

judgment action initiated by an insurer seeking a finding of no duty to indemnify that insured for the claims asserted against the insured in the underlying action. This is because the underlying plaintiff's right to collect insurance proceeds for their injuries derives directly from the insured's rights under the policy, such that the insured and the underlying plaintiff are deemed to be in privity by virtue of their shared legal interest.[2]   Thus, it is appropriate for Vicki and Charles Allred to be included as defendants in this declaratory judgment action.   Vicki and Charles Allred are individuals residing in Blanco County, Texas, who can be served with process at the following address: 1629 Blair Drive, Cleburne, Johnson County, Texas 76031.   Vicki and Charles Allred are also Texas residents and citizens for the purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

29.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2) because the matter is between a citizen of a foreign state and citizens of this State, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

30.     The Declaratory Judgment involves a dispute regarding amounts in excess of $75,000.  This matter involves the issue of whether Plaintiff Nautilus owes a duty to defend and indemnify the Insured Defendants in an underlying lawsuit.  The underlying petition alleges that the Insured Defendants' actions: (1) caused underlying plaintiff Vicki Allred to be rendered a

---

[2] *Vinings Ins. Co. v. Byrdson Servs.*, No. 1:14-CV-525, 2016 U.S. Dist. LEXIS 191946, at *14 (E.D. Tex. 2016) ("Decuir is a proper party to this suit to the extent that any potential right he may have to collect insurance proceeds for his injuries derives directly from the rights of the insured and thus they are deemed to be in privity by virtue of their shared legal interest.") (internal citation and quotation omitted); *Vanliner Ins. Co. v. Dermargosian*, Civil Action No. 3:12-CV-5074-D, 2014 U.S. Dist. LEXIS 3841, at *11 (N.D. Tex. 2014) (declining to dismiss third-party claimants from declaratory judgment action because they were "proper parties to [the] lawsuit"); *Allstate Tex. Lloyd v. Lantz*, No. M-08-76, 2009 U.S. Dist. LEXIS 14232, at *23 (S.D. Tex. 2009) ("As a third party beneficiary of the Allstate Policy whose derivative right to recovery has been determined by the Court, Pascual is a properly named defendant to this action."); *Atl. Cas. Ins. Co. v. Ramirez*, 651 F. Supp. 2d 669, 682-83 (N.D. Tex. 2008) ("Because both the LBJ Defendants and the Clem Defendants are properly joined as parties in this declaratory judgment action, any declaration by the Court is binding on both parties"); *National American Insurance Company v. Breaux*, 368 F. Supp. 2d 604 (E.D. Tex. 2005) (holding that injured parties were proper parties to lawsuit "because [they] derive their right, if any, to collect insurance proceeds directly from the rights of [the insured]" and thus "they are deemed to be in privity by virtue of their shared legal interest.").

8

tetraplegic; (2) gave rise to a loss of consortium claim for Charles Allred; and (3) caused damage to the Allreds' horse, Flame, so damages are reasonably evaluated in excess of $75,000. It is these damages for which the Insured Defendants are seeking coverage from Nautilus under the Policy. Further, all of the Insured Defendants are alleged to be jointly liable for the Allreds' injuries based on a joint enterprise theory, meaning the amounts of those claims may be aggregated to satisfy the jurisdictional amount-in-controversy requirement as to all of the Defendants. Therefore, the amount at issue is well in excess of the jurisdictional limits of this court.

31.     Venue is appropriate pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims at issue occurred in this District, and the Defendants reside in and/or may be found in this District and/or are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

*The Underlying Litigation*

32.     Vicki and Charles Allred filed suit against the Defendants in the 146th Judicial District of Bell County, Texas, Cause Number 307,283-B, entitled *Vicki Allred and Charles Allred v. Freestone County Fair Association, Inc*., et al. The current operative petition is the Second Amended Original Petition (the "Petition"), which was filed on August 2, 2019, and a true and correct copy is attached as Exhibit "A."

33.     According to the Petition, on June 17, 2017, Vicki Allred "was an invitee-participant at [the Insured] Defendants' rodeo, which took place at the arena on the Freestone County Fairgrounds" and that she "participated in a barrel-racing event that day." Exhibit A at ¶ 4.

34.     The Petition describes the manner in which Vicki Allred sustained her injuries as follows: "Ms. Allred rounded the last barrel of her competition and reached top speed as she

approached the alley to exit the arena.  As she approached the alley, the unsecured gate swung out quickly and unexpectedly and hit Ms. Allred knocking her from the horse she was riding."  *Id.* at ¶ 10.

35.     The Petition alleges that all of the Insured Defendants were negligent, grossly negligent, willful, or wanton and that their acts or omissions amounted to "intentional misconduct, willful negligence or conscious disregard for the safety of others."  *Id.* at ¶ 12.

36.     Vicki Allred allegedly "was rendered tetraplegic by the impact, which condition is permanent" and seeks damages for medical care, life care, expenses, mental anguish, lost wages, and loss of earning capacity, physical pain and suffering, physical impairment, and disfigurement. *Id.* at ¶ 10, 13.

37.     Charles Allred asserts a claim for loss of consortium and loss of household services. *Id*. at ¶ 14.

38.     The Allreds also claim to have "suffered damage to their horse, Flame, which requires past and future veterinary care and diminishment of value."  *Id.* at ¶ 15.

39.     The Allreds also seek exemplary damages. *Id.* at ¶ 16.

40.     In addition to their negligence claims, the Allreds also assert claims for joint enterprise and breach of fiduciary duty.  *Id.* at ¶ 19-20.

41.     In the joint enterprise claim, the Allreds allege as follows: "On the occasion in question, [the Insured] Defendants and the committee members each: (1) entered into an agreement, express or implied, among the members of the group; (2) agreed to a common purpose to be carried out by the group; (3) agreed to a community of pecuniary interest in that purpose among the members and (4) each had a mutual or equal right to a voice in the direction of the enterprise; the enterprise being the organization and production of a rodeo, including but not

PD.26739542.1

limited to barrel racing events.  As such they are liable jointly and severally for the acts or omissions of one another." *Id.* at ¶ 19.

42.     The Allreds also assert a claim for breach of fiduciary duty against all of the Insured Defendants, which they claim that "because of the nature of the activities involved, [the Insured] Defendants had a fiduciary duty to Tooter [Vicki] Allred and each of the competitors participating in the barrel racing events with respect to matters of safety of the premises and safety operations of the barrel racing events." *Id.* at ¶ 20.

43.     By letters dated April 23, 2019 (to Freestone) and August 8 and 9, 2019 (to all of the other Insured Defendants), Nautilus advised the Insured Defendants that it would agree to defend them subject to a reservation of rights in the Underlying Litigation, copies of which are attached as Exhibits "B" through "AA."

***The Policy***

44.     Nautilus issued Policy No. NN814687 ("Policy") to Freestone County Fair Association for the period June 12, 2017 to June 12, 2018, a true and correct copy of which is attached as Exhibit "BB."

45.     The Policy includes Commercial General Liability Coverage with limits of $1 million each occurrence / $2 million general aggregate, in accordance with the terms, exclusions, limitations, definitions, and conditions stated in the Policy.

46.     The Policy's CGL coverage part, Form CG 00 01 04 13, provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'…caused by an 'occurrence,'" provided that the "'bodily injury' or 'property damage' occurs during the policy period."  Exhibit BB at p. 10.

47.     Relevant Definitions in the Policy applicable to the coverage issues presented here include the following:

> 3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> ***
>
> 13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*Id.* at p. 22, 24.

48.     Further, under the "Who is an Insured" provision of the Policy, insured status is extended to Freestone's "executive officers," directors, and "volunteer workers" (but only while performing duties related to the conduct of Freestone's business).  *Id*. at p. 18-19.

49.     Relevant Definitions in the Policy applicable to the Who is an Insured issue include the following:

> 6.      "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.
>
> ***
>
> 20.     "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed by you.

*Id.* at p. 22, 25.

50.     The Policy also includes an Exclusion – Participants Endorsement, Form S028 (10/10), which provides as follows:

> **A.** The following exclusion is **added** to **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and **Coverage C – Medical Payments**:
>
> This insurance does not apply to "bodily injury" or medical payments to any "participant" while in the "activity area".

**B.** With respect to the insurance provided by this endorsement, the following definitions are **added** to the **Definitions** section:

**1.** "Activity area" means any site specifically set aside for the purpose of preparing for, participation in, or assembly before, during or after, any "event" including, but not limited to, the arena, chute, corral, course, field, infield, pit, ring, sideline, stage, or track.

**2.** "Event" means any activity of an athletic or sports, or entertainment nature of "limited duration" that you manage, operate, or sponsor including, but not limited to, a carnival, circus, concert, contest, demonstration, exhibition, fair, game, match, parade, race, rodeo, show, stunting activity, or theatrical performance.

**3.** "Limited duration" means a time period that can be established by a beginning and ending date.

**4.** "Participant" means any person practicing, preparing or rehearsing for, instructing, participating or sparring in, any "event" including, but not limited to, animal handlers, announcers, assistants, attendants, coaches, cheerleaders, clowns, contestants, "employees", entertainers, independent contractors, mechanics, musicians, officials, operators, producers, promoters, referees, singers, speakers, sponsors, stage crews, stock contractors, "temporary workers", vendors or their "employees", "volunteer workers", or workers.

*Id.* at p. 51.

51.     Additionally, the Policy includes an Exclusion – Scheduled Events Endorsement,

form L317 (11/10), which provides as follows:

**A.** The following exclusions are **added** to **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal And Advertising Injury Liability** and **Coverage C – Medical Payments**:

This insurance does not apply to:

\* \* \*

**2.** "Bodily injury" or medical payments to any person, whether authorized or unauthorized, while in the "activity area".

13

\* \* \*

**C.** Exclusion **j. Damage To Property** under **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:

**j.  Damage To  Property**

"Property damage" to:

\* \* \*

**(8)** Any animal arising out of injury, mistreatment, or destruction of such animal.

\* \* \*

**D.** The following definitions are **added** to the **Definitions** section:

**1.** "Activity area" means any site specifically set aside for the purpose of preparing for, participation in, or assembly before, during or after any "event" including, but not limited to, the arena, chute, corral, course, field, infield, pit, ring, sideline, stage, or track.

2. "Event" means any activity of an athletic or sports, or entertainment nature of "limited duration" that you manage, operate, or sponsor including, but not limited to, a carnival, circus, concert, contest, demonstration, exhibition, fair, game, match, parade, race, rodeo, show, stunting activity, or theatrical performance.

3. "Limited duration" means a time period that can be established by a beginning and ending date....

*Id.*

## <u>COUNT I – DECLARATORY JUDGMENT</u>

52.    Nautilus adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

53.     There is an actual, present, and existing controversy between Nautilus and the Defendants regarding the applicable coverage under the Policy in connection with the claims presented in the Underlying Litigation.

54.     Nautilus submits that it is alleged in the Underlying Litigation that Vicki Allred was participating in a barrel race at the time of her injury and that she was injured "as she approached the alley to exit the arena."  Exhibit A at ¶ 10.

55.     Vicki Allred was therefore a "participant," and her injuries took place in the "activity area" under the terms of the Exclusion – Participants Endorsement and Additional Exclusions – Scheduled Events Endorsement.

56.     Under the Exclusion – Participants Endorsement, the Policy was revised to provide that "[t]his insurance does not apply to 'bodily injury' or medical payments to any 'participant' while in the 'activity area'."   As Vicki Allred is a "participant" and was injured while in the "activity area," this exclusion would apply to preclude coverage under the Policy for her bodily injury claims.

57.     For similar reasons to those expressed in the paragraph above, coverage under the Policy would be excluded by the Additional Exclusions – Scheduled Events Endorsement, which provides that "[t]his insurance does not apply to…'[b]odily injury' or medical payments to any person, whether authorized or unauthorized, while in the 'activity area'."

58.     Further, to the extent the Allreds assert a claim for "property damage" for the injuries to Vicki Allred's horse, Flame, subsection j.(8) of the Additional Exclusions – Scheduled Events Endorsement, Form L317 (11/10) will bar coverage for such claim.

59.     Based upon any facts that are pleaded and those that can be adduced or determined in the Underlying Litigation, Nautilus has no duty to defend or indemnify any of the Insured Defendants.

60.     Further, while the above exclusions would preclude a duty to defend and indemnify all of the Insured Defendants, Nautilus pleads in the alternative that Nautilus may not owe defense and indemnity to the Insured Defendants other than Freestone in the event they do not qualify as insureds as "volunteer workers," directors, or "executive officers" of Freestone and/or are sued in their personal capacity and not as "volunteer workers," directors, or "executive officers" of Freestone.

61.     In addition to the foregoing provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found to be applicable as Nautilus' investigation of this matter continues, and it reserves the right to amend its Complaint for Declaratory Judgment.

WHEREFORE, Plaintiff Nautilus Insurance Company respectfully prays:

      a.     That Defendants be cited to answer and appear;

      b.     That Nautilus has no obligation under the Policy to defend the Insured Defendants in the Underlying Litigation and that it be allowed to discontinue its defense of the Insured Defendants in the Underlying Litigation;

      c.     That Nautilus has no obligation under the Policy to indemnify the Insured Defendants against the claims asserted in the Underlying Litigation; and

      d.     That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

16

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Mary Cazes Greene*
Mary "Amy" Cazes Greene
TBN 24005647
Sara Nau
TBN 24083551
One Allen Center
500 Dallas Street • 13th Floor
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
Email: greenea@phelps.com
          snau@phelps.com

ATTORNEYS FOR PLAINTIFF
NAUTILUS NSURANCE COMPANY

PD.26739542.1